IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VINCENT E. BOYD,

                Plaintiff,                OPINION AND ORDER

v.

                                      17-cv-209-wmc

CHRIS HEIL, TANIA REINDL,
BRIAN FOSTER, MICHAEL
BAENEN, LT. SWIEKATOWSKI,
and LT. VANDEWALLE,

                Defendants.

Previously the court granted *pro se* plaintiff Vincent Boyd leave to proceed in this lawsuit pursuant to 42 U.S.C. § 1983, on First Amendment free speech and retaliation claims against Green Bay Correctional officials, Chris Heil, Tania Reindl, Michael Baenen, William Swiekatowski and Vandewalle, for their involvement in denying certain mail items Boyd intended to send, and for punishing him for attempting to send items in violation of orders limiting his communications. On October 23, 2020, the court entered an opinion and order granting defendants' motion for summary judgment as to Boyd's First Amendment claims against defendants Heil, Vandewalle, Baenen and Foster, but denied their motion with respect to Boyd's First Amendment claims against defendants Reindl and Swiekatowski, arising from the confiscation of, and punishment for, Boyd's attempt to send his mother a letter dated August 27, 2013. (Dkt. #94.) The court further directed the parties to brief whether Boyd might be entitled to judgment in his favor on those remaining claims, as well as whether he is entitled to any damages.

The court recently took those follow-up submissions under advisement, but on

October 29, 2020, Boyd filed a notice of appeal to the court of appeals from that order (dkt. #95), and on November 6, Boyd submitted his trust fund account statement (dkt. #103), which the court construes as a motion for leave to appeal *in forma pauperis*. The court further construes Boyd's motion to include a motion for the entry of partial final judgment pursuant to Federal Rule of Civil Procedure 54 as to defendants Heil, Vandewalle, Baenen and Foster, or, in the alternative, a request to take an interlocutory appeal. For the following reasons, the court declines to enter judgment as to these defendants, denies Boyd's request to take an interlocutory appeal, and denies Boyd's request to proceed *in forma pauperis* on his appeal.

The purpose of Rule 54(b) is to avoid "piecemeal disposal of litigation." Fed. R. Civ. P. 54 advisory committee's note. Under this rule, a judge has the power to enter final judgment whenever there are multiple parties following an order that finally resolves a party's liability, even though the case continues in the district court between the other parties. As a general rule, however, the court of appeals frowns on the entry of partial final judgments, unless the order to be appealed from finally resolves a party's entire liability. *See Doe v. City of Chi.,* 360 F.3d 667, 673 (7th Cir. 2004) (judge has power to enter final judgment under Rule 54(b), but not duty). The dismissal of Boyd's claims against Heil, Vandewalle, Baenen and Foster with prejudice fits into that category.

Still, entering a partial final judgment requires a court to determine that no just reason for delay exists. Fed. R. Civ. P. 54(b). One "just reason" can be the need to develop a factual basis for disputed questions of law, *id.;* another may be to relieve the court of appeals of the need to familiarize itself with the factual and legal issues of a case more

2

than once.  Here, the court finds that there is a just reason for a short delay.  The parties recently completed briefing on whether the court should enter judgment in favor of Boyd on his remaining First Amendment claims, and whether Boyd's damages should be limited.  The court intends to promptly resolve those outstanding questions.  Assuming the parties will appeal the final judgment as to the other defendants, entering partial judgment with respect to only some of Boyd's First Amendment claims, and allowing immediate appeal of those decisions would require the court of appeals to familiarize itself with the facts and legal questions related to this case more than once.  For that reason, it would be repetitive and burdensome for the court of appeals to separately address his claims against the dismissed defendants.  Accordingly, the court will not will grant plaintiff's motion for entry of judgment pursuant to Rule 54(b) on First Amendment claims against defendants Heil, Vandewalle, Baenen and Foster.

Since the court declines to enter partial judgment, to proceed with an interlocutory appeal, Boyd would need to be identify a "controlling question of law as to which there is substantial ground for difference of opinion," the resolution of which would "materially advance the ultimate termination of the litigation."  *See* 28 U.S.C. § 1292.  However, the questions related to whether defendants would be entitled to qualified immunity or whether plaintiff is entitled to judgment on the merits of Boyd's First Amendment claims against these defendants are not grounds for substantial difference of opinion that would warrant an interlocutory appeal.  "Section 1292(b) was not intended to make denials of summary judgment routinely available"; the question of law refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine

3

rather than to whether the party opposing summary judgment had raised a genuine issue of fact." *Ahrenholz Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). In this instance, although Boyd has not elaborated on the arguments he intends to raise on appeal, there is no reason to infer that Boyd's appeal would seek clarification on the meaning of any constitutional provision, and instead it appears he intends to challenge the court's analysis of the material facts and First Amendment principles. Therefore, to the extent Boyd is requesting to pursue an interlocutory appeal pursuant to § 1291(b), the court must deny Boyd's request.

Regardless, Boyd's notice of appeal has triggered certain obligations. Whether or not his appeal is dismissed, the Seventh Circuit directs that an appellate docketing fee ($505) is due immediately upon the filing of a notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997). While Boyd seeks to proceed without prepayment of the appellate docketing fee, this court must not only find that he is indigent and, therefore, eligible to proceed *in forma pauperis,* but also that the appeal is taken in good faith for purposes of Federal Rule of Appellate Procedure 24(a)(3). *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith."). Since the court has declined to certify its opinion and order as a final judgment under Rule 54(b), or for interlocutory appeal, Boyd's request for leave to proceed *in forma pauperis* on appeal must be denied on the basis that it is not taken in good faith.

Moreover, given that this court has refused to enter a partial judgment and denied certification of and interlocutory appeal, Boyd cannot proceed with his appeal without

4

prepaying the $505 filing fee *unless* the court of appeals gives his permission to do so. Pursuant to Federal Rule of Appellate Procedure 24(a)(4) and (5), Boyd has 30 days from the date of this order in which to file a motion in the court of appeals to review this denial of leave to proceed *in forma pauperis* on appeal, should he wish to do so. Along with his motion, Boyd must include an affidavit as described in Federal Rule of Appellate Procedure 24(a)(1), along with a statement of issues he intends to argue on appeal. Boyd must also send along a copy of this order.

To be clear, he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order certifying that the appeal is not taken in good faith, the court of appeals may choose not to address the denial of leave to proceed *in forma pauperis*. Instead, it may require Boyd to pay the entire $505 filing fee before it considers his appeal. If he does not pay the fee within the 30-day deadline set forth above, it is also possible that the court of appeals will dismiss the appeal. Indeed, given that he appears to be attempting to appeal from a non-appealable, pre-judgment order, dismissal of his appeal is likely in any event.

ORDER

IT IS ORDERED that:

1. Plaintiff Vincent Boyd's motion for to enter partial judgment, or, in the alternative, for leave to take an interlocutory appeal is DENIED.

2. The court CERTIFIES that Boyd's appeal is not taken in good faith for purposes of Federal Rule of Appellate Procedure 24(a)(3) and DENIES his motion for leave to proceed *in forma pauperis* (dkt. #103) in this case.

3. Although this court has certified that Boyd's appeal is not taken in good faith under Federal Rule of Appellate Procedure 24(a)(3), Wand is advised that he may challenge this finding pursuant to Federal Rule of Appellate Procedure 24(a)(5) by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, **within thirty (30) days of the date of this order**. With that motion, he must include an affidavit as described in the first paragraph of Federal Rule of Appellate Procedure 24(a), along with (1) a statement of issues he intends to argue on appeal and (2) a copy of this order.

Entered this 20th of November, 2020.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge