IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VINCENT E. BOYD,

                Plaintiff,

v.

CHRIS HEIL, TANIA REINDL,
BRIAN FOSTER, MICHAEL
BAENEN, LT. SWIEKATOWSKI,
and LT. VANDEWALLE,

                Defendants.

OPINION AND ORDER

17-cv-209-wmc

    Previously the court granted *pro se* plaintiff Vincent Boyd leave to proceed in this lawsuit under 42 U.S.C. § 1983, on First Amendment free speech and retaliation claims against Green Bay Correctional Institution ("Green Bay") officials, Chris Heil, Tania Reindl, Michael Baenen, William Swiekatowski and Vandewalle, arising out of their alleged involvement in denying certain mail items Boyd intended to send and for punishing him for attempting to send items in violation of orders limiting his communications. In particular, Boyd was prohibited from possessing pictures, photographs, drawings or likenesses of any minors, and from having contact with any minors or victims or their families. This prohibition included Boyd's daughter.

    On October 23, 2020, the court entered an opinion and order granting defendants' motion for summary judgment as to Boyd's First Amendment claims against defendants Heil, Vandewalle, Baenen and Foster, but denied their motion with respect to Boyd's First Amendment claims against defendants Reindl and Swiekatowski, the latter of which allegedly arose out of the confiscation of, and punishment for, Boyd's attempt to send his

mother a letter dated August 27, 2013. (Dkt. #94.) The court further directed the defendants to brief whether Boyd might be entitled to judgment in his favor on those remaining claims, as well as whether he is entitled to any damages. Defendants Reindl and Swiekatowski not only responded but effectively sought reconsideration of the denial of summary judgment in their favor. Having reviewed plaintiff's response -- in particular, his failure to dispute the minimal consequences he actually experienced as a result of the temporary confiscation and dismissed conduct report -- the court now concludes that defendants Reindl and Swiekatowski are entitled to summary judgment with respect to Boyd's First Amendment claims against them. Accordingly, the court will enter judgment in their favor and close this case.

OPINION

As context, the court briefly reviews the material contents of the August 27, 2013, letter and conduct report. Specifically, defendant Reindl denied the delivery of the letter because Boyd made the following statements:

> So my prison social worker has shown her true colors, after all. All talk, really.
> I wrote her, explaining that I have no way of knowing whether or not your mail has been routed to her before being delivered to me, and suggested a solution so that contraband was not delivered to me without my knowledge: she could mark the backs of the letters, pictures, etc.
> I know, I know . . . a social worker with as much experience as she *claims* to have - talk is cheap - would acknowledge an obvious problem and take steps to solve that problem. Well, let me remind you what we're dealing with here [arrow pointing to the words "prison social worker"]. Bingo! She ignored the problem and sent my letter back to me.

2

> No problem!! :)
> Every time I receive a letter from you from now on, I am going to send it right back to her for confirmation that she approved it!! :)
> Because I have reason to believe she sent the pictures of Heaven's cake to me, and then claimed she had not approved them.
> *That* is the level of professionalism you will find at GBCI. It's pathetic.
> Anyways, resend the pictures so that prison social worker Reindl can re-review them.

(Swiekatowski Decl. (dkt. #74) ¶ 5; DeGroot Decl., Ex. 1011 (dkt. #76) 1-2; Boyd Decl., Ex. 32 (dkt. #88-32).)

After withholding the letter, Reindl issued Boyd Conduct Report 1796235, charging him with disrespect and lying. Lieutenant Swiekatowski held a conduct report hearing addressing those charges on September 10, 2013. At the hearing, Boyd denied lying and stated that he did not think he wrote anything disrespectful. While Swiekatowski dismissed the disrespect charge, he sentenced Boyd to 15 days' loss of recreation and disposal of contraband for lying that Social Worker Reindl approved and sent the pictures to him but then claimed she had not. Boyd appealed, and on October 14, Warden Baenan dismissed the lying charge as well. At that point, Boyd was permitted to duplicate and send the same letter.

In its previous order, the court denied defendants' summary judgment with respect to Boyd's First Amendment free speech claim related to the censorship of this letter because Reindl's and Swiekatowski's justifications for the censorship did not pass muster under the more exacting standard applicable to the censorship of *outgoing* prisoner mail, *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), having failed to adequately link their censorship to

prison safety, security or Boyd's rehabilitation. (10/23/20 Op. & Order (dkt. #94) at 37-38.) The court further noted that "it is well-established by *Martinez* and its progeny that prisons do *not* further substantial interests by restricting embarrassing or unflattering speech." (*Id.* (citing *Carter v. Radtke,* No. 10-CV-510-WMC, 2014 WL 5494679, at *16 (W.D. Wis. Oct. 30, 2014) (finding a violation of First Amendment rights based on censoring disparaging statements in outgoing mail and citing cases in support); *Koutnik v. Brown*, 396 F. Supp. 2d 978, 985 (W.D. Wis. 2005), *aff'd*, 189 F. App'x 546 (7th Cir. 2006) ("[R]egulations that allow censorship of merely embarrassing or unflattering speech do not further the government's substantial interests related to security or rehabilitation.")). Finally, the court distinguished *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), in which the Seventh Circuit had previously held that "relatively short-term and sporadic" delays, and delays that were not "content-based," would not be enough to support a First Amendment claim. *Id.* Finally, the court found that Reindl and Swiekatowski were not entitled to qualified immunity because it was clearly established that censorship of outgoing mail must at least be "generally necessary" to further institution or public safety and security, something not supported on the record before it at summary judgment.

The court also denied defendants' motion on plaintiff's retaliation claim. In particular, the court rejected defendants' arguments that: (1) the letter was not constitutionally protected; and (2) censorship of the letter and 15 days of lost recreation was not sufficiently adverse to implicate his First Amendment rights.

In response, defendants maintain that they are entitled to summary judgment, and

4

that Boyd is not, on a number of grounds, the most salient of which being that Boyd did not suffer a First Amendment violation when the letter was held back and he was punished. Upon reconsideration, the court agrees with that argument, and so limits its analysis accordingly.

As an initial matter, defendants argue that *Rowe* is not distinguishable, citing two district court decisions relying on *Rowe* in concluding that no First Amendment violation occurred when prison officials temporarily held back a letter for mailing and later determined that it could be sent. *See Jones-El v. Pollard*, NO. 07-C-504, 2010 WL 446057, at *13 (E.D. Wis. Feb. 2, 2010) (finding isolated incident of holding back a piece of mail for one month did not violate plaintiff's constitutional rights), *aff'd sub nom. Van den Bosch v. Raemisch*, 658 F.3d 7788 (7th Cir. 2011); *Lindell v. O'Donnell*, No. 05-C-04-C, 2005 WL 2740999, at *5 (W.D. Wis. Oct. 21, 2005) (finding no First Amendment violation when prison officials confiscated a letter and punished prisoner for attempting to send letter, but the disciplinary charges were dismissed on appeal to the warden). Both decisions are helpful, and even more instructive is Seventh Circuit's analysis in *Schroeder v. Drankiewicz*, 519 F. App'x 947, 950 (7th Cir. 2013). In *Schroeder*, the Seventh Circuit affirmed the grant of summary judgment in favor of prison officials who held back a prisoner's letter containing birthday cards to his daughters. Because the plaintiff was imprisoned after sexually assaulting his adult girlfriend, a condition of supervision imposed at sentencing prohibited him from contacting minors except in certain circumstances, including a "family event." *Id.* at 949. The plaintiff attempted to send his ex-wife a letter containing birthday cards for his daughters, which two prison officials held back, along with the letter, citing

5

the condition of his supervision. After the plaintiff appealed this action to the sentencing court, however, the judge agreed that plaintiff *was* permitted to send the seized cards, which were then returned to the plaintiff. In a subsequent lawsuit against those same prison officials in federal court for blocking delivery of the birthday cards, as well as other claims, the Seventh Circuit affirmed the entry of summary judgment in favor of the prison officials, noting in particular that the temporary seizure of the birthday cards was "not an injury of constitutional dimension," citing *Rowe* and other cases in support. *Id.* at 949-50.

At minimum, based on this analysis, the court agrees that it was not clearly established in 2013 that the month-and-a-half long censorship of a letter, constituted a First Amendment violation, even if wrongfully withheld because of content. Accordingly, qualified immunity does appear to shield Reindl and Swiekatowski from liability for monetary damages with respect to Boyd's First Amendment free speech claim related to the August 27, 2013, letter. Therefore, the court reconsiders its prior decision and finds that these defendants are entitled to summary judgment as to this First Amendment claim.

As to the retaliation claim, defendants argue that Boyd did not actually suffer an adverse action sufficient to support a claim. As the court previously noted, a plaintiff must show that he suffered an injury that is "more than *de minimis*, that is, more than trivial." *Schultz v. Pugh*, 728 F.3d 619, 621 (7th Cir. 2013). "[E]ven in the field of constitutional torts ... [a] tort to be actionable requires injury." *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). Previously, the court was unpersuaded that the combination of the conduct report, seized letter and loss of 15 days' recreation could not sustain a retaliation claim were a lay jury inclined to find injury. However, defendants have now

6

submitted additional evidence with respect to actual adverse actions taken again plaintiff that removes any lingering doubt as to whether he suffered an adverse action of constitutional dimension.

Specifically, defendants definitively establish that Boyd ultimately lost only 4 hours of recreation time, rather than the 15 days' previously represented. Boyd has responded to this evidence and does not dispute that this was the extent of the recreation time he actually lost. Given this very short inconvenience, coupled with the dismissal of the conduct report and Boyd being able to send the letter within a month and a half of its confiscation, the retaliatory acts are simply not sufficiently adverse to support a retaliation claim. *See Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("A single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action."); *Medina v. McDonald*, No. 10-cv-45, 2010 WL 987819, at *1 (W.D. Wis. Mar. 15, 2010) (relying on *Bridges* to dismiss First Amendment retaliation claim arising from disciplinary charge that was dismissed within two weeks); *Peck v. Whelan*, No. 3:06-cv-2326-TS, 2009 WL 2170497, at *4 (N.D. Ind. July 17, 2009) (false conduct report dismissed after rehearing was insufficient to sustain retaliation claim). Relatedly, defendants have effectively established that Boyd is not entitled to compensatory damages with respect to defendants confiscating the August 27, 2013, letter, having suffered *no* physical injury, and thus, precluding damages for emotional or psychological harm. *See* 42 U.S.C. § 1997e(e). Moreover, no evidence of record would support finding that Reindl or Swiekatowski acted in a manner permitting the award of punitive damages, and Boyd does not direct the court to evidence to the contrary. Instead, he argues that within three

7

months of August 2013, plaintiff complained about headaches, nausea, sleeplessness, shock and fear, as a direct result of former defendant *Heil's* refusal to send out his artwork. (See dkt. #88-66.) In any event, symptoms of this nature that occurred months after the letter was withheld are insufficient to satisfy the physical injury requirement of § 1997e(e) against defendants Reindl or Swiekatowski. *See Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (weight loss caused by depression suffered after deprivation of First Amendment rights are "insufficient to support his assertion that he suffered 'physical injury' as that term is commonly used"); *Hoskins v. Crag*, No. 11-296-GPM, 2011 WL 5547460, at *3 (S.D. Ill. Nov. 15, 2011) (insomnia and headaches insufficient to satisfy physical injury requirement); *Agrawal v. Briely*, No. 02-C-6807, 2006 WL 3523750, at *14 (N.D. Ill. Dec. 6, 2006) (same as to headaches); *Boyd v. Wright*, No. 09-CV-1357, 2011 WL 1790347, at *2 (C.D. Ill. May 10, 2011) (assertion of "periodic weight loss" insufficient to establish physical injury). Boyd similarly claims that there is evidence that Reindl and Swiekatowski acted in bad faith, pointing to Reindl's statement in an email comment that in dismissing the conduct report, prison officials were giving plaintiff Boyd "mixed messages" about the types of materials he was allowed to send out. (*See* dkt. #88-39, at 2.) However, this claim does not suggest that Reindl held ill-will against Boyd or intended to inappropriately limit his mailings. Instead, Reindl was voicing a concern that Boyd should be given clear direction with respect to the types of communications he was allowed to send out, or so a reasonable jury would have to find on this record.

In opposition, Boyd also argues that defendants' confiscation of the August 27, 2013, letter was not an isolated event, but instead part of a pattern of "callous indifference"

towards his rights. On the contrary, as explained in the court's prior opinion, that act *was the only* seizure that appeared inappropriate. Indeed, the other confiscations reflected completely justified efforts by Green Bay staff to follow the state court orders prohibiting Boyd from contacting his daughter or other minors, furthering defendants' obligation to follow the direction of the court and to serve the larger governmental interest in maintaining public safety. At minimum, defendants are entitled to qualified immunity with respect to this claim. Having reconsidered the merits of plaintiff Boyd's First Amendment claims against defendants Reindl and Swiekatowski related to the August 27, 2013, therefore, the court will enter judgment in their favor on these claims.

ORDER

IT IS ORDERED that:

1. Defendants Tania Reindl and William Swiekatowski are entitled to summary judgment with respect to plaintiff Vincent Boyd's First Amendment free speech and retaliation claims with respect to their actions related to the August 27, 2013, letter.

2. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered this 4th of February, 2022.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

9